1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                   EASTERN DISTRICT OF CALIFORNIA

9

10   ENTERCOM CALIFORNIA LLC              No. 2:14-cv-01523-GEB-AC
     (F/K/A ENTERCOM SACRAMENTO,
11   LLC),

12             Plaintiff,              **ORDER DENYING APPLICATION FOR**
                                       **TEMPORARY RESTRAINING ORDER AND**
13        v.                           **DISMISSING COMPLAINT FOR LACK OF**
                                       **SUBJECT-MATTER JURSIDICTION**
14   WILLIAMS BROADCASTING
     INCORPORATED,
15
               Defendant.
16

17

18        Plaintiff moves *ex parte* for a temporary restraining

19   order ("TRO")

20             preventing   and   enjoining   Defendant   from
               licensing,   offering,   selling,   performing,
21             broadcasting,   or   otherwise   providing   the
               right  to  broadcast  the  "Rob,  Arnie  &  Dawn
22             Show"  or  any  other  radio  program  involving
               its   personalities   in   the   terrestrial
23             Sacramento  area  to  any  party  other  than
               Plaintiff  or  otherwise  breaching  Section 25
24             of  the  2005  Program  Agreement  between
               Plaintiff and Defendant.
25

26   (Pl.'s Mot. for TRO 1:6-10, ECF No. 5.) However, Plaintiff has

27   not shown there is federal subject-matter jurisdiction over this

28   action.

                                   1

1    "[A] district court ha[s] a duty to establish subject

2    matter jurisdiction . . . *sua sponte*, whether the parties raised

3    the issue or not." United Investors Life Ins. Co. v. Waddell &

4    Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004); see also Fed. R.

5    Civ. P. 12(h)(3) ("If the court determines at any time that it

6    lacks subject-matter jurisdiction, the court must dismiss the

7    action.").

8         Plaintiff alleges in the Complaint that diversity of

9    citizenship subject-matter jurisdiction exists since "[t]he

10   amount in controversy exceeds the sum of $75,000, . . . and there

11   is complete diversity of citizenship between the parties."

12   (Compl. ¶ 4, ECF No. 1.) However, Plaintiff alleges it is a

13   limited liability company ("LLC") yet has not alleged the

14   citizenship of each of its members. See Johnson v. Columbia

15   Props. Anchorage, LP, 437 F.3d 894, 902 (9th Cir. 2006) ("LLCs

16   have the citizenship of all of their owners/members . . . .");

17   see also Lindley Contours, LLC v. AABB Fitness Holdings, Inc.,

18   414 F. App'x 62, 64 (9th Cir. 2011) (requiring a party to allege

19   the citizenship of each member of an LLC, and stating "that if

20   any [LLC] ha[s] partnerships, limited partnerships, or limited

21   liability corporations as members, the citizenship of each

22   individual member of these entities must be alleged (and if these

23   members include[] partnerships, limited partnerships, or limited

24   liability corporations, the citizenship of each individual member

25   of those entities must be alleged—and so on)").

26        Since Plaintiff has not established that there is

27   subject-matter jurisdiction over this case, the case is dismissed

28   without prejudice. Plaintiff is granted ten (10) days from the

1    date on which this order is filed to file an amended complaint

2    addressing the jurisdictional allegations.

3    Dated:   June 27, 2014

4

5

6                                    _____
                                     GARLAND E. BURRELL, JR.
                                     Senior United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                         3