UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTERCOM CALIFORNIA LLC (F/K/A ENTERCOM SACRAMENTO, LLC), <br><br> Plaintiff, <br><br> v. <br><br> WILLIAMS BROADCASTING INCORPORATED, <br><br> Defendant. | No. 2:14-cv-01523-GEB-AC <br><br> **ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

Plaintiff moves *ex parte* for a temporary restraining order ("TRO")

> preventing and enjoining Defendant from licensing, offering, selling, performing, broadcasting, or otherwise providing the right to broadcast the "Rob, Arnie & Dawn Show" or any other radio program involving its personalities in the terrestrial Sacramento area to any party other than Plaintiff or otherwise breaching Section 25 of the **2005** Program Agreement between Plaintiff and Defendant.

(Pl.'s Amend. Mot. for TRO ("Pl.'s TRO") 1:6-10, ECF No. 17 (emphasis added).)

"The standard for issuing a preliminary injunction is

1

the same as the standard for issuing a [TRO]." <u>Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.</u>, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001). Therefore, "[a] motion for a [TRO] requires that a plaintiff show that 'he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" <u>League of Wilderness Defenders/Blue Mountains Biodiversity Project v. Connaughton</u>, No. 13-35653, 2014 WL 1814172, at * 1 (9th Cir. May 8, 2014) (quoting <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 (2008)). Alternatively, "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a [TRO] may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' [there is a likelihood of irreparable injury, and the injunction is in the public interest]." <u>Shell Offshore, Inc. v. Greenpeace, Inc.</u>, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1135 (9th Cir. 2011)).

        Plaintiff argues its motion is brought to enforce a 2005 "contract for personal services of a unique nature, specifically enforceable by injunction according to . . . Cal[ifornia] Labor Code [section] 2855(a)." (Pl.'s TRO 9:21-23.) California Labor Code section 2885(a) prescribes: "[A] contract to render personal service . . . may not be enforced against the employee beyond seven years from the commencement of service under it." Plaintiff alleges in its First Amended Complaint that Plaintiff and Defendant entered into the referenced contract on

1  June 30, 2005. (First Amend. Compl. ¶ 14, ECF No. 16.) Nearly
2  nine years have elapsed since that date. Therefore, Plaintiff has
3  not shown that the contract, which it characterizes as a personal
4  services contract, is enforceable under the law on which it
5  relies. See De la Hoya v. Top Rank, Inc., No. 00-cv-9230-WMB,
6  2001 WL 34624886, at *14 (C.D. Cal. Feb. 6, 2001) ("[Plaintiff]
7  has been continuously obligated to provide such services to
8  [defendant] for more than seven years. To bind him to [defendant]
9  any longer would violate [California Labor Code] section
10 2855(a)."). Because of this failure, Plaintiff has not shown
11 there is a "serious question[] going to the merits." Alliance for
12 the Wild Rockies, 632 F.3d at 1135.

13        Therefore, Plaintiff's motion for a TRO is DENIED.
14 Dated:  June 27, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3